Florence L. Robley GASKILL, and Husband, Lewis W. Gaskill, and Cooke Trust Company, Ltd.

v.

UNITED STATES of America.

Civ. No. 8022.

United States District Court
N. D. Texas,
Dallas Division.

Aug. 29, 1960.

Worsham, Forsythe & Riley, Dallas, Tex., for plaintiffs.

W. B. West, III, U. S. Atty., Fort Worth, Tex., William E. Smith, Asst. U. S. Atty., Dallas, Tex., for government.

DAVIDSON, District Judge.

This is a suit by the plaintiff to recover $15,476 and a further sum of $946.76 paid as income taxes upon a gain from the sale of certain real property left by her deceased mother.

The mother of plaintiff, Mrs. Alice Miriam Robley, lived in the Territory of Hawaii and her estate was there at the time of her death. She left a will of voluminous proportions. In the residuary clause of this will she provided that her daughter, the plaintiff Florence, would have a life estate in certain of her property with remainder to Florence's children at her death.

It might be noted that the plaintiff has become a citizen of Dallas, Texas, and the litigation from Hawaii has been moved here.

As the years progressed it appeared to Florence that some or much of the real property covered by her mother's will was producing scant revenue and she in the courts of Hawaii procured an order to sell such property. The property brought at this sale a price considerably in excess of its basis, showing a capital gain of $31,081.73. The tax was figured on this at the amount here sued for which was paid.

When the property was sold as above stated the proceeds were paid into the hands of the Cooke Trust Company, Limited, it was the order of the Court to reinvest the proceeds so as to bear the same relationship as the property that had been sold. Income producing stocks were ultimately purchased by Cooke Trust Company, Ltd.

The tax on the capital gain was paid from the funds in the hands of the executor, but the return was prepared and filed in the name of the life tenant and it was made to appear as a matter of record that she had paid the tax which she now sues to recover.

It is undisputed that the money paid as taxes was part of the proceeds of the sale of the property and from which the profit designated as capital gain was taxed.

The government insists, first, that the plaintiff is not entitled to recover because if she did not owe this tax in her individual capacity she did owe it as a fiduciary or trustee for the contingent remaindermen. The government further contends in the alternative that if she did not act legally in a fiduciary relation that the tax was nevertheless due and should have been paid by Cooke Trust Company, Ltd., as trustee, from the proceeds of the sale. We think this latter proposition has merit.

First, we think it clear that where the life tenant has no rights in the corpus, as here, and the corpus goes to the remaindermen the life tenant cannot be individually liable to pay an income tax on gain from the sale of the corpus. There is no process of reasoning whereby she should be charged with paying the tax on income she never got and never will get.

Further, it is equally as apparent that a life tenant having ordinary powers and rights is not a trustee for the remaindermen for the purposes of filing federal income tax returns and paying taxes.

There is somewhat of a conflict of decisions in this particular, but the identical question as far as we can find has never been passed upon by the Fifth Circuit. The Ninth Circuit, however, has held in United States v. DeBonchamps, 1960, 278 F.2d 127, that the life tenant was as a matter of law acting in a fiduciary relationship and was obligated to pay the tax as trustee. In rendering this decision, however, they overturned their recent decision in United States v. Cooke, 9 Cir., 1955, 228 F.2d 667.

We think that their reasoning in the older case is better than their reasoning in the second, though some distinction may be drawn between the cases in that the later involves trusts where the life tenants were broadly authorized to invade the corpus under certain conditions. There is no such provision in the case now before us growing out of the will of Mrs. Alice M. Robley.

Though the life tenant is not individually liable for the tax and is not liable as a fiduciary, the government insists that the tax was due to be paid by some one. It is the judgment of the Court that that some one was the person in charge of the proceeds, which was the Cooke Trust Company, Ltd.

Here the Trust Company was clothed with numerous characteristics of a trustee. It was authorized to collect a mortgage executed incident to the sale of the realty, it was authorized to execute a release of mortgage by the Court in Hawaii, it was directed to disburse funds to the life tenant, and was empowered to invest the principal for the benefit of life tenant and remaindermen. Indeed, the decree of the Court in Hawaii confirming the sale and approving expenditures of the proceeds of this property further recognized such trusteeship in the following language:

"* * * that the mortgage above mentioned shall be given to *Cooke Trust Company, Limited, Trustee, in trust,* to pay the income therefrom to Florence Louise Robley, life tenant, and to invest the principal for said life tenant and the remaindermen under the Will of Alice Miriam Robley, deceased * * *."

It is suggested that this tax is not due to be paid by anyone at this time, but that the payment might be deferred until perhaps the death of the life tenant when a subsequent sale of the property may reflect the gain here realized. We do not look with favor upon this theory. In the first place it allows the custodian of the fund from which the tax must be paid to use its discretion as to when the tax may be paid and if deferred for a long period of time the possibilities of the estate or securities of which it consists may depreciate until there is no property from which to pay the tax. Such arrangement allows the trustee or custodian of the fund to virtually gamble on the future of the estate at the expense of the government.

It appears from the stipulation in this case that the tax now sued for was not paid from the individual funds of the life tenant but was paid by the Cooke Trust Company, Ltd., from the proceeds of the property sold. And under the reasoning and law applicable to the transaction it should have been paid at the time by this trustee who was the holder and custodian of the funds from which it should be paid.

The government has its tax and if the plaintiff be allowed to recover the tax

**510**

from the government as a cash payment, the government would be entitled to judgment over against the trustee. Instead of going through that circuitous route we feel that we must hold that since the plaintiff, the life tenant, has been out no money in her own individual right and is not to be out any that there is no ground for her recovery.